OPINION of the Court, by
Ch. J. Bo vie.
Tisis was an action oí assumpsit, brought by Shepherd against Brown and Crooks, for money laid out and expended bv him to their use. Judgment was taken bv default against rnwri. and a writ 01 inquiry awarced as to dm. Brooks pleaded non assumpsit, upon which issue ⅜ aS ,j°hied. On the trial the plaintiff produced in evi-hmee a record of the proceedings in a suit brought by Prather and others against Brown, from which it ap- • (gainst brown on a note executed by him ; on which throe mouths replevin bond, executed by Brown, and Brooks as his security : that an execution having issued upon the replevin bond, the sheriff returned that ha had taken the property of crooks, which was not sold for want of bidders : that a venditioni exponas was issued thereon, and the sheriff returned that rown had reple-vied for twelve months, witli Shepherd his security; and that Shepherd, in virtue of the execution issued on the twelve months replevin bond against him and Brown, was compelled to pay the money. This being all the evidence produced on the part of Shepherd, Brooks demurred ;„and on the demurrer the court gave judgment for Shepherd : and a writ of inquiry being executed, a final judgment was given for the damages assessed by the jury against B rooks and Brown ; to reverse which tins writ of error is prosecuted.
We have no doubt that the court below erred in giving judgment against Brooks. The debt was not his, nor does it appear that he was under any moral obligation to discharge it; and the legal obligation which he had incurred by. becoming security to Brown in the first re-plevin bond, was released by the execution of the second replevin bond, in which lie was not bound. So that being under no obligation, either legal or moral, to pay the debt when the money was advanced by Shepherd, it cannot in any sense of the word be said to have been laid out and expended to his use.
The judgment must therefore be reversed with costs, and the cause remanded that judgment may be entered upon the demurrer to evidence for Brooks, and a separate judgment entered against Brown for the damages assessed by the jury.